**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| RIGOBERTO ALDANA MORALES,<br>Petitioner,<br>v.<br>WARDEN DESERT VIEW ANNEX, et al.,<br>Respondents. | Case No. EDCV 26-6749-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On November 10, 2026, Rigoberto Aldana Morales (A# 246-062-240) ("Petitioner"), who is represented by counsel and is an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Desert View Annex in Adelanto, California, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") claiming that his ongoing detention, following a bond hearing in which the immigration judge allegedly failed to apply the correct legal standard, violates due process and the Immigration and Nationality Act ("INA"). (Dkt. No.

1). He seeks immediate release or, alternatively, a new bond hearing under the correct legal standard. (Id. at 10-11).

On November 17, 2026, Respondents filed an Answer to the Petition which does not address Petitioner's claim regarding the legal standard applied by the immigration judge in denying bond, but instead contends only that Petitioner is legally detained under 8 U.S.C. § 1226(a), that he has failed to exhaust administrative remedies by appealing the denial of bond to the Board of Immigration Appeals, and that the Court lacks jurisdiction to review discretionary bond decisions. (Dkt. No. 7).

For the reasons stated below, the Petition is GRANTED to the extent that Respondents are enjoined from continuing to detain Petitioner unless he is provided a new individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and all applicable regulations.[1]

**BACKGROUND**

Petitioner is a citizen of Guatemala who entered the United States in or around the year 2000. (Petition ¶¶ 5, 9). He was granted a voluntary return by immigration officials in November 2000 and then re-entered the United States without inspection at some point after that. (See Petition ¶ 9; Response Ex. A at 3).

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-6).

Petitioner has multiple criminal arrests, including an arrest in November 2008 for possession of a controlled substance, driving while under the influence of drugs and alcohol ("DUI"), and driving without a license, which resulted in a conviction on one DUI charge for a sentence of five days in jail and thirty-six months of probation. (Response Ex. A at 3; Petition ¶ 14). In June 2022, he was arrested for burglary, and the charge was ultimately dismissed after Petitioner's successful completion of requirements under the pre-trial diversion program. (Response Ex. A at 3; Petition ¶ 15). On June 2024, he was arrested for possession of a controlled substance, and the charge was later dismissed. (Response Ex. A at 4; Petition ¶ 15). Most recently, on September 1, 2026, Petitioner was arrested for driving while his license had been suspended/revoked in connection with a prior DUI offense. (Response Ex. A at 4; Petition ¶ 16). That charge remains pending. (Petition ¶ 16).

Upon Petitioner's release from the Ventura County jail on September 2, 2026, he was arrested by ICE officers who served him with an administrative Warrant of Arrest and took him into custody. (Response Ex. A at 2-3). Petitioner was then served with a Notice to Appear charging him as removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and was transferred to the Desert View Annex where he remains at this time. (See Response Ex. A at 2-4; Petition ¶¶ 1, 8).

Petitioner subsequently submitted, through counsel, a bond request with supporting evidence, including Petitioner's identity

and residence materials, tax records, a sponsor's letter and supporting documents, and community letters. (Petition ¶ 10). The sponsor offered housing in Thousand Oaks, California, and the letters described longstanding relationships, work history, and assistance that Petitioner had provided to others. (Id.). On October 15, 2026, Petitioner received a bond hearing before an immigration judge, and his bond request was denied. (Petition Ex. A). The immigration judge's written order states only: "[Petitioner] has not met his burden, by evidence which is clear and convincing, he is not a danger to the community, or a flight risk based on his criminal history and contacts with law enforcement." (Id. at 1). Petitioner has appealed the immigration judge's decision, and the matter is pending before the Board of Immigration Appeals. (Petition ¶ 13).

**DISCUSSION**

Petitioner's detention is governed by 8 U.S.C. § 1226(a), under which the government may arrest and detain noncitizens "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); see Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"); Prieto-Romero v. Clark, 534 F.3d 1053, 1062 (9th Cir. 2008) ("Section 1226(a) on its face authorizes the detention of [noncitizens] during the removal order review process."). "[D]etention under § 1226(a) is discretionary, allowing

the release of aliens on bond pending their removal proceedings." Rodriguez Vazquez, 183 F.4th at 1167. "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an [immigration judge (or 'IJ')] at any time before a removal order becomes final." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19). "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." Id. (quoting In re Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); also citing In re Barreiros, 10 I. & N. Dec. 536, 537-38 (B.I.A. 1964)); see also Rodriguez Vazquez, 183 F.4th at 1167 ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." (citing Rodriguez Diaz, 53 F.4th at 1197).

Here, as indicated above, Petitioner received a bond hearing before an IJ on October 15, 2026, and the IJ denied bond upon finding expressly that Petitioner had "not met his burden, by evidence which is clear and convincing, [that] he is not a danger to the community, or a flight risk based on his criminal history and contacts with law enforcement." (Petition Ex. A (emphasis added)). This suggests, as Petitioner contends, that the IJ did not apply the correct "preponderance" burden, and instead imposed a heavier burden on Petitioner to justify his release on bond by "clear and convincing" evidence.

Respondents have not addressed Petitioner's contention that the IJ failed to apply the correct standard, and they have offered no basis to dispute that the wrong standard was applied here. Moreover, to the extent that Respondents argue the Petition should be denied for lack of exhaustion, that prudential requirement is appropriately waived here because Petitioner would be significantly harmed if forced to wait for appellate review, and no appellate record or agency expertise is needed to review the issue presented here. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (courts have discretion to waive prudential exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." (internal quotations and citations omitted)). Additionally, although this Court cannot reweigh the evidence or second-guess the IJ's findings of fact and discretionary determinations regarding detention or bond, see 8 U.S.C. § 1226(e), it is authorized to review the IJ's decision under an "abuse of discretion" standard to assess whether the IJ "applied the correct legal standard." Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024); see also Villa v. Mullin, 834 F. Supp. 3d 957, 963 (C.D. Cal. 2026) ("[T]he Court finds that the foregoing findings regarding the reliance upon improper reasons for denying bond by the IJ does fall within the limited setting in which a federal district court may review constitutional challenges to an IJ's detention determination under Martinez, 124 F.4th at 781-84.").

Because Petitioner has shown sufficiently that the IJ abused his discretion by applying an incorrect legal standard, Petitioner is entitled to a new bond hearing.[2] See, e.g., Guzman De La Cruz v. Blanche, 2026 WL 2546608, at *1 (S.D. Cal. Aug. 27, 2026) (ordering new bond hearing because IJ applied incorrect burden where he "stated twice that Petitioner bore the burden to demonstrate by clear and convincing evidence that he was not a danger to the community or a flight risk" (emphasis added)).

**ORDER**

Accordingly, the Court GRANTS IN PART AND DENIES IN PART the Petition (Dkt. No. 1) as follows: (1) the Court GRANTS the Petition to the extent that Respondents are enjoined from continuing to detain Petitioner Rigoberto Aldana Morales (A# 246-062-240) unless within seven (7) days he is provided a new bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and all applicable regulations; and (2) otherwise, the Court DENIES the Petition. Respondents are further ORDERED to file a status report within

---

[2] To the extent that Petitioner instead seeks immediate release, the present record does not support such relief. Among other things, a proper review of Petitioner's criminal history may indeed support a finding of dangerousness, and it is the IJ's role to assess and weigh such evidence. Nonetheless, should Respondents later violate an order of this Court by failing to provide a new bond hearing under the proper standard, Petitioner at such time may seek appropriate relief from this Court, which may include release from custody. See, e.g., Melchor-Melchor v. Noem, 2026 WL 760058, at *1-3 (C.D. Cal. Mar. 16, 2026) (ordering petitioner's immediate release where government had failed to provide a bond hearing applying the proper burden of proof as the court previously ordered).

eight (8) days advising the Court as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with the Court's Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 23, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE